IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SARAH LEANN KELLY,

    Petitioner,

v.                                                No. 1:16-cv-01040-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING § 2255 MOTION IN PART,
DENYING MOTION FOR STATUS UPDATE,
AND
DIRECTING PETITIONER TO SHOW CAUSE

---

On February 29, 2016, Petitioner, Sarah Leann Kelly, filed a *pro se* motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255 (the "Petition").[1] (Docket Entry ("D.E.") 1.) She filed a motion for a status update on June 5, 2017. (D.E. 8.) For the reasons that follow, the Petition is DENIED in part, the motion is DENIED as moot, and Petitioner is ORDERED TO SHOW CAUSE why her remaining claim should not be dismissed as untimely.[2]

BACKGROUND

On June 24, 2013, a federal grand jury returned a two-count indictment against Kelly, charging her with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(a), and 924(e). (Case No. 1:13-cr-10055-JDB-1, D.E. 2.) She subsequently entered a plea of

---

[1]Record citations are to documents filed in Case No. 1:16-cv-01040-JDB-egb unless otherwise noted.

[2]Because this order serves to inform Petitioner of the status of her claims, her motion for a status update is DENIED as moot.

1

guilty to Count 1 of the indictment, (*id.*, D.E. 36), and Count 2 was dismissed on the Government's motion, (*id.*, D.E. 44).

Petitioner was determined to be subject to a base offense level of 24 under § 2K2.1 of the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") based on two Tennessee convictions for aggravated burglary. (Presentence Report ¶¶ 35, 36.) Section 2K2.1 provides, in pertinent part, that a defendant convicted of being a felon in possession of a firearm who previously "sustain[ed] at least two felony convictions of either a crime of violence or a controlled substance offense" is subject to an enhanced base offense level. U.S.S.G. § 2K2.1(a)(2).

The Court sentenced her to 100 months' imprisonment and three years of supervised release. (Case No. 1:13-cr-10055, D.E. 44.) Judgment was entered on July 18, 2014. (*Id.*, D.E. 45.)

## DISCUSSION

A prisoner seeking to vacate her sentence under § 2255 "must allege either (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)) (internal quotation marks omitted). The Petition presents two constitutional claims: defense counsel provided ineffective assistance by "fail[ing] to file a notice of appeal after sentencing" (Claim 1) and the inmate's sentence violates due process under the reasoning set forth in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (Claim 2). (D.E. 1 at PageID 3-4.) The Court will address the claims in reverse order.

1. **Claim 2**

   Petitioner challenges her sentence based on the United States Supreme Court's ruling in *Johnson* that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *See Johnson*, 135 S. Ct. at 2557. She asserts that *Johnson* renders this Court's assignment of an enhanced base offense level under § 2K2.1 unconstitutional for the same reason.

   The argument fails. On March 6, 2017, the Supreme Court refused to extend *Johnson*'s reasoning to the Guidelines, explaining that, "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences." *See Beckles v. United States*, 137 S. Ct. 886, 892 (2017). "[T]he Guidelines," thus "are not subject to a vagueness challenge under the Due Process Clause." *Id.* Claim 2 is therefore without merit. *See, e.g.*, *Sanderson v. United States*, No. 3:16-cv-01512, 2017 WL 4418132, at *3 (M.D. Tenn. Oct. 5, 2017) (rejecting, in light of *Beckles*, petitioner's claim that *Johnson* prohibited the use of his prior Tennessee convictions for aggravated burglary to enhance his sentence under the Guidelines).

   Claim 2 is DENIED.

2. **Claim 1**

   In most cases, a federal criminal defendant is limited to a collateral attack filed within one year of the date her conviction became final. 28 U.S.C. § 2255(f)(1). Generally, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). When a defendant does not take a direct appeal, her conviction becomes final when the time for filing an appeal expires. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004). The Federal Rules of Appellate Procedure provide, in pertinent part, that "a [criminal] defendant's notice of appeal must be filed in the district

court within 14 days after . . . the entry of . . . the judgment or the order being appealed . . . ." Fed. R. App. P. 4(b)(1)(A)(i).

Kelly did not take a direct appeal from her judgment of conviction entered July 18, 2014. The conviction thus became final fourteen days later, on Friday, August 1, 2014. One year from that date was Saturday, August 1, 2015. Because the date fell on a weekend day, the limitations period expired on the following Monday, August 3, 2015. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [of the period] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). Consequently, Claim 1, which was filed at the time Petitioner signed and placed the Petition into the prison mailing system on February 24, 2016, (*see* D.E. 1 at PageID 8), is untimely by 205 days.[3]

Nothing in the Petition suggests a reason for the late filing. In accordance with *Day v. McDonough*, 547 U.S. 198, 209-10 (2006), Petitioner is ORDERED TO SHOW CAUSE within twenty-eight days of the entry of this order why Claim 1 should not be dismissed as untimely. Failure to comply with this order will result in dismissal of Claim 1 without further notice. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 27th day of June 2018.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE

---

[3] Claim 2 is not untimely because it was filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3) (providing that the one-year limitations period for a newly recognized claim runs from "the date on which the right asserted was initially recognized by the Supreme Court").