IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SARAH LEANN KELLY,

    Petitioner,

v.                                              No. 1:16-cv-01040-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

In February 2016, Petitioner, Sarah Leann Kelly, filed a *pro se* motion to vacate, set aside, or correct her sentence (the "Petition") pursuant to 28 U.S.C. § 2255. (Docket Entry ("D.E.") 1.) In Claim 2 of the Petition, Kelly sought relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), from the enhancement of her sentence under § 2K2.1 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). On June 27, 2018, the Court denied the claim. (D.E. 11.) The Court also directed Kelly to show cause why her claim of attorney ineffective assistance (Claim 1) should not be dismissed as untimely. The inmate responded to the show-cause order within the time prescribed.[1] (D.E. 12.)

In her response, Petitioner does not address the untimeliness of her attorney ineffective assistance claim. Instead, she argues that the Court erred in denying her *Johnson* claim, insisting that she is entitled to relief under *Mathis v. United States*, 136 S. Ct. 2243 (2016). The Court

---

[1] A summary of Kelly's criminal proceedings and the application of § 2K2.1 at sentencing are set forth in the June 27, 2018, order.

1

assumes that Petitioner is now arguing that her Tennessee convictions for aggravated burglary are not crimes of violence under the Guidelines' enumerated-offenses clause on the ground that burglary in Tennessee is broader than generic burglary.[2] *See Mathis*, 136 S. Ct. at 2256 (holding burglary under Iowa statute was not a "violent felony" under the enumerated-offenses clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C § 924(e)(2), and clarifying that a statute is indivisible if it provides examples of means to fulfilling a single element); *see also United States v. Stitt*, 860 F.3d 854, 862 (6th Cir. 2017) (en banc) (holding Tennessee aggravated burglary statute is indivisible in light of *Mathis*, and a conviction under that statute is not a violent felony under the ACCA's enumerated-offenses clause), *rev'd*, 2018 WL 6439818 (U.S. Dec. 10, 2018) (Nos. 17-765, 17-766).

Because Petitioner has not provided any reason why the untimeliness of Claim 1 should be excused, the claim is DISMISSED.

To the extent the inmate asks the Court to reconsider its decision denying Claim 2, that request must be denied. Claim 2 was predicated on the argument that the reasoning in *Johnson* renders the residual clause of the Guidelines' definition of "crime of violence" void for vagueness. (*See* D.E. 1 at PageID 4 ("Ground Two: Violation of Constitutional Right—Amendment V—Due

---

[2]In the version of the Guidelines in effect on the date of Kelly's sentencing, a "crime of violence" was defined as (1) an offense that "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) an offense that "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives"; or (3) an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a) (eff. Nov. 1, 2013). The provisions are known as the "use-of-force clause," the "enumerated-offenses clause," and the "residual clause," respectively. *United States v. Goodson*, 700 F. App'x 417, 420 (6th Cir. 2017) (citing *United States v. Mitchell*, 743 F.3d 1054, 1058 (6th Cir. 2014) & *United States v. Prater*, 766 F.3d 501, 509 (6th Cir. 2014)).

Process . . . The U.S. Supreme Court has declared the 'Residual Clause' unconstitutional and vague.").) As noted in the Court's June 2018 order, the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), forecloses void-for-vagueness challenges to the advisory Guidelines. Petitioner's *Mathis* argument is different than her *Johnson* argument, and thus provides no basis for reconsideration of the Court's decision to deny Claim 2. The argument is also without merit. The United States Supreme Court recently held that Tennessee aggravated burglary falls within the generic definition of burglary.³ *See Stitt*, 2018 WL 6439818, at *4.

For the reasons stated in this order and the order of June 27, 2018, the Petition is DENIED.

APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it

---

³Because *Mathis* did not announce a new rule of constitutional law, *see In re Conzelmann*, 872 F.3d 375, 377 (6th Cir. 2017), a new claim predicated on that case—and asserted for the first time more than four years after Petitioner's conviction became final—would also be untimely. *See* 28 U.S.C. § 2255(f)(1), (3).

3

debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a COA.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file her motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reason it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.[4]

IT IS SO ORDERED this 14th day of December 2018.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, she must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.