IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SARAH LEANN KELLY,

    Petitioner,

v.                                            No. 1:16-cv-01040-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

ORDER CONSTRUING LETTER AS MOTION
AND
TRANSFERRING MOTION TO COURT OF APPEALS
AS SECOND OR SUCCESSIVE PETITION

On January 21, 2020, Petitioner, Sarah Leann Kelly, filed a letter in this matter in which she requested relief from her conviction on the basis of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019).[1] (Docket Entry ("D.E.") 18.) The Court construes the letter as a motion to vacate, set aside, or correct sentence pursuant 28 U.S.C. § 2255. For the reasons that follow, the motion must be transferred to the Sixth Circuit Court of Appeals.

Petitioner previously filed a § 2255 petition, which the Court denied on December 14, 2018. (D.E. 13.) The Sixth Circuit denied a certificate of appealability. (D.E. 17.) The motion now before the Court presents a new ground for habeas relief, and therefore constitutes a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (holding a claim filed

---

[1] Petitioner also requested relief under the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018). The request has been docketed in her criminal case. (*United States v. Sarah Leann Kelly*, No. 1:13-cr-10055-JDB-1 (W.D. Tenn.), D.E. 49.)

subsequent to a first § 2255 petition which asserts a "new ground for relief" is a second or successive petition) (citing 28 U.S.C. § 2244(b)).

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Kelly has not yet obtained authorization from the Sixth Circuit to file her new claim. The motion is therefore TRANSFERRED to the United States Court of Appeals for the Sixth Circuit. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam) (district courts should transfer to the appellate court second or successive petitions filed without authorization from the Sixth Circuit).

IT IS SO ORDERED this 22nd day of January 2020.

                                      s/ J. DANIEL BREEN
                                      UNITED STATES DISTRICT JUDGE